CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 21 2014
JULIA C. D[...], CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEWAYNE WILLIAMS, | ) | Civil Action No. 7:14-cv-00136 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RED ONION STATE PRISON, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

DeWayne Williams, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as defendants the Red Onion State Prison ("ROSP") and Ms. Younce, the ROSP Business Manager. Plaintiff alleges that a prison policy says an inmate who has a life sentence without the possibility of parole, like Plaintiff, is exempt from having a "hold account" where funds are placed in escrow until the inmate is released. However, ROSP set up a hold account for Plaintiff, and Younce, as the ROSP Business Manager, is allegedly responsible for this violation of policy.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). ROSP is not a "person" subject to § 1983, Plaintiff fails to describe any personal act or omission by Younce as it relates to the hold account, and Plaintiff may not proceed against Younce solely on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Nonetheless, a claim that prison officials have not followed their own independent policies or procedures does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("[T]o hold that a state violates the Due Process Clause every time it violates a state-created rule regulating the deprivation of a property interest would contravene the well recognized need for flexibility in the application of due process doctrine."). Plaintiff fails to establish the violation of a federal right, and the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

ENTER: This 18th day of April, 2014.

*[signature]*
Senior United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).